USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/9/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

XAVIER ARAU, HENRY JONES, CASSIUS MILLER, ELIJAH PERKINS, and JAMIE WILKINS,

                    Defendant.

21-cr-00570 (MKV)

ORDER REMANDING DEFENDANT

MARY KAY VYSKOCIL, United States District Judge:

      On January 11, 2022, a grand jury in this District returned a Superseding Indictment (the "Superseding Indictment"), charging Defendants Xavier Arau, Cassius Miller, Jamie Wilkins, Elijah Perkins, and Henry Jones, with participating in a conspiracy to distribute narcotics, carrying a firearm in furtherance of the charged narcotics conspiracy, and aiding and abetting the same. (Superseding Indictment [ECF No. 29]). On that same day, a bench warrant was issued for Mr. Wilkins' arrest and on January 14, 2022, Mr. Wilkins turned himself in at a local police precinct. On January 18, 2022, Mr. Wilkins was presented before Magistrate Judge Cave and arraigned on the superseding indictment. Over objection from the government, Magistrate Judge Cave ordered Mr. Wilkins released on a $100,000 personal recognizance bond, co-signed by two financially responsible persons, subject to home incarceration enforced by location monitoring and supervised by Pretrial Services, with travel restricted to SDNY/EDNY, and with Mr. Wilkins to reside at his sister's home with her children. (Bail Disposition [ECF No. 50]). Magistrate Judge Cave stayed her ruling pending the government's contemplated appeal. Subsequently, the government filed a letter appealing the order releasing Mr. Wilkins. (Govt Br. [ECF No. 48]). Mr. Wilkins opposes the government's appeal. (Def. Br. [ECF No. 59]).

The government's appeal was argued before the Court on February 9, 2022. For the reasons stated on the record during the February 9, 2022 hearing, and, as described more fully below, the Court finds that there are no set of conditions that would reasonably assure that Mr. Wilkins is not a danger to the community. As such, release pending trial is not appropriate and Mr. Wilkins shall remain in custody.

## APPLICABLE LAW

The Court reviews *de novo* a Magistrate Judge's decision to release or detain a defendant pending trial. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

Where a defendant is charged under 18 U.S.C. § 924(c) or 21 U.S.C. §§ 841(b)(1)(A) and 846, there is a rebuttable presumption pursuant to 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community if Defendant is released. *See United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011). The presumption shifts to a defendant "a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight." *English*, 629 F.3d at 319 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).

"At all times, however, 'the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community,' and 'by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight.'" *Id.* (quoting *Mercedes*, 254 F.3d at 436). For purposes of the bail statute, the concept of dangerousness includes "the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Millan*, 4 F.3d 1038, 1048 (2d Cir. 1993).

In determining whether a defendant has rebutted that statutory presumption, courts are instructed to consider: (1) the nature and circumstances of the crime charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including family ties, employment, community ties, past conduct; and (4) the nature and seriousness of the danger to the community or to an individual. *See* 18 U.S.C. § 3142(g)(1).

Even where a defendant produces sufficient evidence to rebut the statutory presumption of detention, the presumption does not disappear; instead it becomes a factor to be weighed and considered like all the others in deciding whether to release the defendant. *See United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991); *see also United States v. Horton*, 653 F. App'x 46, 47 (2d Cir. 2016).

"The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [release/remand] hearing." 18 U.S.C. § 3142(f)(2). For example, the government is entitled to present evidence supporting remand by way of proffer, among other means, 18 U.S.C. § 3142(f)(2); *see also United States v. Brooks*, 872 F.3d 78, 85 n.11 (2d Cir. 2017), and courts often base detention decisions on hearsay evidence, *see United States v. Abuhamra*, 389 F.3d 309, 321 n.7 (2d Cir. 2004). "District courts [are afforded] wide discretion regarding the scope of such hearings . . . ." *United States v. Bartok*, 472 F. App'x 25, 27 (2d Cir. 2012); *see also United States v. Martir*, 782 F.2d 1141, 1147 (2d Cir. 1986).

A defendant must be detained pre-trial if after a hearing, the judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1); *see also United States v. Mattis*, 963 F.3d 285, 290–91 (2d Cir. 2020); *Mercedes*, 254 F.3d at 436.

**DISCUSSION**

As set forth below, the Court finds that Mr. Wilkins poses a danger to the community. As such, the defendant will be detained pending trial.

### I. There Is Clear And Convincing Evidence That Mr. Wilkins Poses A Danger To The Community

#### A. Nature And Circumstances Of The Offenses

The most significant consideration in this case is the nature and circumstance of the offense. Mr. Wilkins has been indicted for participating in a narcotics conspiracy with gang members in the Bronx, wherein the defendants sold crack cocaine on a near daily basis for approximately two years. (Superseding Indictment ¶¶ 1–3). Courts in this district regularly find that the distribution of crack cocaine poses a significant danger to the community. *See United States v. Arau*, No. 21-CR-00570 (MKV), 2021 WL 4429238, at *3 (S.D.N.Y. Sept. 27, 2021) ("Undermining any assurance that Defendant will not pose a danger is the fact that after the defendant was released after his initial arrest, he went right back to selling crack cocaine."); *United States v. Peralta*, No. 19 CR. 818 (PGG), 2020 WL 2527355, at *4 (S.D.N.Y. May 18, 2020) ("[Defendant] is charged with conspiring to distribute a large quantity of crack cocaine. This conduct presents a significant danger to the community."); *see also United States v. Hart*, No. 15 CR. 288 (RMB), 2021 WL 82281, at *4 (S.D.N.Y. Jan. 10, 2021) (finding a defendant was a danger to the community where the evidence established that he "was a supplier of crack cocaine and heroin" to a gang in the Bronx).

Moreover, the government has proffered that Mr. Wilkins and his co-defendants had multiple guns that were treated as communal guns and stored nearby during drug deals, in case the guns were needed. (Govt Br. at 4). This conduct clearly poses a danger to the community. *See United States v. Gomez*, No. 18 CR. 341 (PAE), 2021 WL 3666158, at *4 (S.D.N.Y. Aug. 17,

4

2021) ("[The defendant] 'engaged in conduct that unavoidably heightened considerably the risk of death' by carrying a gun to a drug deal."); *United States v. Smalls*, No. 20-CR-126-LTS, 2020 WL 1866034, at *2 (S.D.N.Y. Apr. 14, 2020) (finding that a defendant posed a danger to the community "particularly in light of the Government's proffers concerning [the defendant's] involvement in gang-related drug sales involving dangerous firearms"); *United States v. Jones*, No. S1 19 CR. 125 (VSB), 2020 WL 1934997, at *1 (S.D.N.Y. Apr. 22, 2020) (finding that a defendant posed a danger to the community where he "admitted during his plea allocution to participating in a five-year drug conspiracy during which he possessed an unlicensed firearm to protect his drugs and himself").

### B. History And Characteristics Of The Defendant

The history and characteristics of the defendant also favor detention. The Defendant is a young, unemployed man who runs with a violent gang in the Bronx. Specifically, the government has proffered that the defendant is a member of a street gang known as Mitchels or "ABG" that has engaged in shootings, robberies, and other acts of violence in the past several years. (Govt Br. at 4–5). Mr. Wilkins even has "ABG" tattooed on his hand. (Govt Br. at 4). The government has proffered that Mr. Wilkins was involved in two shootings on October 28, 2021, which took place minutes apart from one another and in the territories of ABG's rivals. (Govt Br. at 5). In support of this claim, the government asserts that surveillance footage of the shooting shows that one of the shooters was wearing distinctive sneakers, which appear to be the same sneakers that Mr. Wilkins was recorded on surveillance video wearing earlier that day. (Govt Br. at 5).

Mr. Wilkins asserts that the Court should disregard the government's proffer with respect to the October 28, 2021 shootings because they are not charged in the indictment. (Def. Br. at 3).

5

However, the government is not limited to the charges in the indictment when seeking a remand into custody pending trial. *See* 18 U.S.C. § 3142(f)(2); *see also Brooks*, 872 F.3d at 85 n.11. Mr. Wilkins also questions the sufficiency of the evidence tying Mr. Wilkins to those shootings. (Def. Br. at 3). However, there is considerable circumstantial evidence tying him to those shootings, including surveillance footage showing that the gunman wore similar shoes to Mr. Wilkins on that same day. (Govt Br. at 5).

Mr. Wilkins also has two prior arrests involving crack cocaine. (Govt Br. at 5). First, on January 12, 2020, Mr. Wilkins was arrested with four other individuals and police found a tray with crack and powder cocaine and bags indicative of distribution. (Govt Br. Exs. A, B). Over a year and a half later, on September 29, 2021, Mr. Wilkins was arrested again after law enforcement observed him engage in a hand-to-hand drug deal and recovered crack cocaine and heroin from the purchaser. (Govt Br. at 5). Even while in prison, Mr. Wilkins was recorded on jail calls talking with other ABG members about bagging up drugs and selling crack cocaine. (Govt Br. at 5).

Mr. Wilkins points out that the charges from the first arrest were dismissed and that he has yet to be convicted on the charge arising from the second arrest. (Def. Br. at 3). Nonetheless, the Court finds that Mr. Wilkins' history of arrests in connection with the distribution of crack cocaine, the same charge for which he is before the Court now, is troubling.

### C. Strength Of The Evidence

The strength of the evidence against the defendant with respect to both of the charges in the superseding indictment in this case is also significant and militates in favor of detention. Mr. Wilkins' involvement in a narcotics conspiracy with other members of ABG is corroborated by significant evidence, including: (1) Mr. Wilkins' text communications with other ABG

members about accessing a gun, (2) Mr. Wilkins' text communication with co-defendant Mr. Arau about narcotics, (3) Mr. Wilkins' recorded calls where he and other ABG members discussed bagging up and selling crack, and (4) Mr. Wilkins' arrests involving crack cocaine in the same area where the defendants were known to sell crack, including one arrest where he was with co-defendants Mr. Arau and Mr. Jones with stacks of cash, despite no legitimate employment history. (Govt Br. at 6).

### D. Nature And Seriousness Of The Danger To The Community

The danger to the community in this case is clear and is serious. Carrying firearms and distributing crack cocaine poses a clear and convincing present danger to other individuals in the community. *See* Part III.A. *supra*.

## II. Risk Of Flight

In short, there is clear and convincing evidence that Mr. Wilkins poses a danger to the community. Mr. Wilkins came forward with no evidence to rebut the presumption that there are no set of conditions that will ensure the safety of the community. As such, Defendant is subject to remand and the Court need not reach the issue of whether Mr. Wilkins is a flight risk.

## III. The Proposed Conditions Of Release Do Not Negate The Risk Of Danger Posed To The Community Were Mr. Wilkins To Be Released

Mr. Wilkins cites to the stringent conditions of release in his bail disposition by Magistrate Judge Cave as support for his release, arguing that they would assure his appearance at Court and negate the danger that Mr. Wilkins poses to the community. (Def. Br. at 2). However, in a presumption case such as this, the presumption for pre-trial detainment may be rebutted by the defendant "coming forward with *evidence* that he does not pose a danger to the community," *Mattis*, 963 F.3d at 290 (emphasis added) (citation omitted), not merely more stringent conditions. Indeed, in this case, the presumption itself is that "no condition or

combination of conditions will reasonably assure . . . the safety of the community." *Id.* (quoting 18 U.S.C. § 3142(e)(3)).

Moreover, the conditions proposed by Magistrate Judge Cave do not safeguard against Mr. Wilkins' potential danger to the community. Even if Mr. Wilkins were placed on home confinement, he could use a phone to coordinate drug transactions, arrange for the sale or transfer of firearms, take possession of narcotics and firearms from or for other gang members, or otherwise communicate with fellow gang members. As this Court previously found when ordering that Mr. Wilkins' co-defendant, Mr. Arau, be detained, it is impossible for pretrial services to adequately monitor all of the ways Mr. Wilkins could continue to commit crimes while on home confinement. *See Arau*, 2021 WL 4429238, at *3. Further, as Defendant brought to the attention of the Court at the February 9, 2022 bail review hearing, one of the proposed conditions of release is that Mr. Wilkins be subject to home incarceration in the apartment of his sister, who has four small children. The Court finds that even if the Court *could* find that the proposed conditions of release could overcome the presumption for pre-trial detainment in this case, a proposed condition to confine this defendant to an apartment with four small children would not ameliorate the risk of danger that Defendant poses.

## **CONCLUSION**

For the reasons discussed above, the Court finds that Mr. Wilkins is unable to rebut the presumption that no condition or combination of conditions will reasonably assure the safety of the community if Defendant were released. As such, pursuant to 18 U.S.C. § 3148, it is hereby ORDERED that Defendant Jamie Wilkins shall remain in the custody of the United States Marshals pending trial.

**SO ORDERED.**

**Date:  February 9, 2022**              _____
**New York, NY**                          **MARY KAY VYSKOCIL**
                                          **United States District Judge**