UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>HENRY JONES,<br>    a/k/a "Dew Man,"<br>DAIVON MORGAN,<br>    a/k/a "Leeky,"<br>ROBERTO ESPINOSA,<br>    a/k/a "Taco,"<br>AMIER WILSON,<br>    a/k/a "Smula,"<br>DAVION TRUSTY,<br>    a/k/a "Saint,"<br>ELIJAH PERKINS,<br>    a/k/a "Eli,"<br>JAMIE WILKINS,<br>    a/k/a "OJ,"<br>XAVIER ARAU,<br>    a/k/a "X,"<br>JUAN REYES,<br>    a/k/a "Gunplay," and<br>CASSIUS MILLER,<br>    a/k/a "Cash,"<br><br>                          *Defendants.* | **Protective Order**<br><br>**S2 21 Cr. 570**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 10/17/22 |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure

material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

4. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have

2

access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

6. Sensitive disclosure material shall be kept in the sole possession of counsel; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel employed by or retained by counsel; shall not be copied or otherwise recorded by the defendant; and may be disclosed by counsel only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

7. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

9. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued

during the course of the investigation, from various computers, cell phones, and other devices and storage media. This ESI was seized from various cellphones and social media accounts belonging to the defendant.

10. The Government is authorized to disclose to counsel for the defendant, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendant, defense counsel, and personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

### Return or Destruction of Material

12. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date:    9/16/2022
 Christopher D. Brumwell
Assistant United States Attorney


_____          Date:  _____
Lisa Scolari
Counsel for Xavier Arau

 *s/Thomas Ambrosio*
_____          Date:  10/10/2022
Thomas Ambrosio
Counsel for Henry Jones


_____          Date:  _____
James Neuman
Counsel for Elijah Perkins


_____          Date:  _____
Joshua Kirshner
Counsel for Cassius Miller


_____          Date:  _____
Donald Yannella
Counsel for Jamie Wilkins

SO ORDERED:
Dated: New York, New York
       October ___, 2022

_____
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____[signature]_____           Date: ___9/16/2022___
    Christopher D. Brumwell
    Assistant United States Attorney

_____[signature]_____               Date: ___10/4/22___
Eugene Ingoglia
Counsel for Daivon Morgan

_____               Date: _____
David Bertan
Counsel for Davion Trusty

_____               Date: _____
Megan Wall-Wolff
Counsel for Roberto Espinosa

_____               Date: _____
Lance Clarke
Counsel for Amier Wilson

_____               Date: _____
Aaron Mysliwiec
Counsel for Juan Reyes

SO ORDERED:
Dated: New York, New York
       September ___, 2022

_____
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

4

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____     Date: ___9/16/2022___
Christopher D. Brumwell
Assistant United States Attorney


_____          Date: _____
Eugene Ingoglia
Counsel for Daivon Morgan


_____          Date: _____
David Bertan
Counsel for Davion Trusty

_____          Date: __10/5/22__
Megan Wall-Wolff
Counsel for Roberto Espinosa


_____          Date: _____
Lance Clarke
Counsel for Amier Wilson


_____          Date: _____
Aaron Mysliwiec
Counsel for Juan Reyes

SO ORDERED:
Dated: New York, New York
       September ___, 2022

_____
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

4

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____     Date:   9/16/2022
 Christopher D. Brumwell
Assistant United States Attorney


_____     Date: _____
Eugene Ingoglia
Counsel for Daivon Morgan


_____     Date: _____
David Bertan
Counsel for Davion Trusty


_____     Date: _____
Megan Wall-Wolff
Counsel for Roberto Espinosa


_____     Date:   9/23/2022
Lance Clarke
Counsel for Amier Wilson


_____     Date: _____
Aaron Mysliwiec
Counsel for Juan Reyes

SO ORDERED:
Dated: New York, New York
       September __, 2022

_____
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

4

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: ___9/16/2022___
Christopher D. Brumwell
Assistant United States Attorney


_____          Date: _____
Eugene Ingoglia
Counsel for Daivon Morgan


_____          Date: ___9/16/2022___
David Bertan
Counsel for Davion Trusty


_____          Date: _____
Megan Wall-Wolff
Counsel for Roberto Espinosa


_____          Date: _____
Lance Clarke
Counsel for Amier Wilson


_____          Date: _____
Aaron Mysliwiec
Counsel for Juan Reyes

SO ORDERED:
Dated: New York, New York
       September ___, 2022

_____
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

4

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date:     9/16/2022
 Christopher D. Brumwell
Assistant United States Attorney


_____             Date: _____
Lisa Scolari
Counsel for Xavier Arau


_____             Date: _____
Thomas Ambrosio
Counsel for Henry Jones

_____             Date:     10/10/2022
James Neuman
Counsel for Elijah Perkins


_____             Date: _____
Joshua Kirshner
Counsel for Cassius Miller


_____             Date: _____
Donald Yannella
Counsel for Jamie Wilkins

SO ORDERED:
Dated: New York, New York
       October ___, 2022

_____
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date:     9/16/2022
 Christopher D. Brumwell
Assistant United States Attorney


_____          Date:  _____
Lisa Scolari
Counsel for Xavier Arau


_____          Date:  _____
Thomas Ambrosio
Counsel for Henry Jones


_____          Date:  _____
James Neuman
Counsel for Elijah Perkins


_____          Date:  _____
Joshua Kirshner
Counsel for Cassius Miller

*Donald Yannella*                                  Date:  10/11/2022
_____
Donald Yannella
Counsel for Jamie Wilkins

SO ORDERED:
Dated: New York, New York
       October __, 2022

                                         _____
                                         THE HONORABLE MARY KAY VYSKOCIL
                                         UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date:   9/16/2022
   Christopher D. Brumwell
Assistant United States Attorney

  _Lisa Scolari __/s/_____          Date: _____

Lisa Scolari
Counsel for Xavier Arau

                                                                                 Date: _____

_____
Thomas Ambrosio
Counsel for Henry Jones

                                                                                 Date: _____

_____
James Neuman
Counsel for Elijah Perkins

                                                                                 Date: _____

_____
Joshua Kirshner
Counsel for Cassius Miller

                                                                                 Date: _____

_____
Donald Yannella
Counsel for Jamie Wilkins

SO ORDERED:
Dated: New York, New York
       October ___, 2022

                                                        _____
                                                        THE HONORABLE MARY KAY VYSKOCIL
                                                        UNITED STATES DISTRICT JUDGE

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date:   9/16/2022
 Christopher D. Brumwell
Assistant United States Attorney

_____          Date: _____
Eugene Ingoglia
Counsel for Daivon Morgan

_____          Date: _____
David Bertan
Counsel for Davion Trusty

_____          Date: _____
Megan Wall-Wolff
Counsel for Roberto Espinosa

_____          Date: _____
Lance Clarke
Counsel for Amier Wilson

_____          Date:   10/10/2022
Aaron Mysliwiec
Counsel for Juan Reyes

SO ORDERED:
Dated: New York, New York
       September __, 2022

_____
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

4

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date:    9/16/2022
     Christopher D. Brumwell
     Assistant United States Attorney


_____               Date: _____
Lisa Scolari
Counsel for Xavier Arau


_____               Date: _____
Thomas Ambrosio
Counsel for Henry Jones


_____               Date: _____
James Neuman
Counsel for Elijah Perkins


_____               Date:    10/11/22
Joshua Kirshner
Counsel for Cassius Miller


_____               Date: _____
Donald Yannella
Counsel for Jamie Wilkins


SO ORDERED:
Dated: New York, New York
       October 17, 2022

_____
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE